FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. 1:25-CV-3164-TOR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 10, 15). The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

### JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

<strong>FIVE STEP SEQUENTIAL EVALUATION PROCESS</strong>

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 24, 2022, Plaintiff filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of July 1, 2018.  Tr. 60. The application was denied initially, and again on reconsideration.  *Id*.  Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on May 20, 2024.  *Id*.  On August 19, 2024, the ALJ denied Plaintiff's claim, which became the Commissioner's final decision.  Tr. 68.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity after May 24, 2022, the alleged onset date.  Tr. 62.  At step two, the ALJ found Plaintiff had the following severe impairments: substance addiction disorder (drugs) and major depressive disorder. *Id*.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 63.  The ALJ then found Plaintiff had a residual functional capacity to perform work at all exertional levels but with the following limitations:

> Claimant can understand, carry out, and remember simple instructions; make simple, work-related decisions; tolerate frequent interaction with coworkers, supervisors, and the general public; and deal with occasional changes in a routine work setting.

Tr. 64.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

At step four, the ALJ found Plaintiff did not have past relevant work.  Tr. 67.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, and testimony from a vocation expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as laundry worker, cleaner, and marker.  Tr. 67-68.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 24, 2022, the alleged onset date, through August 19, 2024, the date of the ALJ's decision.  Tr. 27.

On July 29, 2025, the Appeals Council denied review (Tr. 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

1. Did the ALJ properly consider Plaintiff's physical disorders;

2. Did the ALJ properly consider Plaintiff's subjective symptom testimony; and

3. Did the ALJ properly evaluate the medical opinion evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

# DISCUSSION

## A. Plaintiff's Physical Disorders

At step two of the sequential evaluation process, the ALJ considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  An impairment must be established with objective medical evidence such as clinical and laboratory diagnostic techniques; subjective symptoms, a diagnosis, and a medical opinion are insufficient.  20 C.F.R. § 416.921.  An impairment is considered "not severe if it does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. § 416.922(a).  Basic work activities include "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  20 C.F.R. § 416.922(b).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "It is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). A claimant's RFC should be the same whether or not certain impairments are considered severe. *Id.* at 1049. Thus, where the ALJ decides step two in the claimant's favor, there is no prejudice in failing to designate a specific impairment as severe where the ALJ considers the impact of such impairment in formulating the RFC. *Id.*

Plaintiff argues the ALJ failed to properly consider the evidence in concluding Plaintiff had no severe physical disorders, in particular, Plaintiff's issues related to nerve damage in his left leg. ECF No. 10 at 4. Plaintiff cites to records from February and May 2021 where Plaintiff reported suffering from severe knee pain and decreased strength in his left hip and knee after a spider bite. Tr. 396-401, 389-394. Plaintiff additionally notes that in April 2023, Plaintiff's leg limitations were still present. Tr. 348.

Defendant argues that the record does not demonstrate that Plaintiff's physical impairments significantly limited his ability to perform basic work activities. ECF No. 15 at 2-3. Defendant points to treatment records demonstrating that Plaintiff consistently presented with normal strength, normal range of motion, and normal gait. Tr. 319, 327, 351, 407, 465, 469, 472.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Defendant further argues that Plaintiff's issues related to the spider bite did not meet the twelve-month durational requirement to be considered a severe impairment at step two. *Id.* at 2-3. Plaintiff replies that the twelve month durational requirement was met because Plaintiff presented with pain and observable limitations well over twelve months after his initial report in February 2021. ECF No. 16 at 2.

The Court agrees with Defendant. Treatment records indicate that Plaintiff presented in August 2021 with full range of motion bilaterally in his lower extremities, and in September 2021 with full range of motion and strength with no tenderness and swelling. Tr. 319, 327. Moreover, while Plaintiff reported left leg and knee pain in April 2023, he had 5/5 muscle strength in the lower extremities. Tr. 351. The Court does not find the ALJ erred in concluding Plaintiff did not have any severe physical impairments at step two.

**B. Plaintiff's Subjective Symptom Testimony**

Plaintiff asserts the ALJ improperly rejected Plaintiff's subjective symptom testimony. ECF No. 10 at 7-10. An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3).

Plaintiff contends that the ALJ improperly discounted Plaintiff's testimony solely on the basis that it was not supported by objective medical evidence. ECF No. 10 at 8. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Here, the ALJ noted that Plaintiff testified as unable to work due to nerve damage, back pain, and depression.  Tr. 64.  Plaintiff reported not being able to stand for prolonged periods or walk as he would fall down.  *Id.*  The ALJ also noted that Plaintiff reported that he did not receive treatment for his mental health issues and had difficulty in completing tasks, concentration, and understanding.  *Id.* The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence.  Tr. 64-65.  The ALJ goes on to state that "[w]hile the medical record supports some of the claimant's allegations, it does not demonstrate the severity alleged."  Tr. 65.  The ALJ then summarized the medical evidence demonstrating normal or mild findings.  *Id.*

Defendant argues that the ALJ properly discounted Plaintiff's statements as "not entirely consistent with the medical evidence," and asserts that an ALJ may use contradictions in the medical record to reject a claimant's subjective testimony. ECF No. 15 at 4.  While this is true, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), the ALJ appears to only rely on the reasoning that the objective medical evidence did not support the severity alleged.  Tr. 65. This was error as the "lack of medical evidence cannot form the sole basis for

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

discounting pain testimony." *Burch*, 400 F.3d at 681.  Therefore, remand is necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

Plaintiff contends that remand for an award of benefits is appropriate because crediting Plaintiff's testimony as true renders him disabled.  ECF No. 16 at 6.  A district court may remand for an immediate award of benefits only in "rare circumstances," *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004), "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  But "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

The Court does not find the record compels a finding of disability.  There are certain inconsistencies between the medical record and Plaintiff's testimony.  For example, Plaintiff testified that he cannot walk without his leg giving out but reported in a function report from February 15, 2023 that he can ride a bike.  Tr. 281.  Plaintiff also testified that he has severe pain in his back that prevents him from working but later stated that he generally only needs Tylenol or Ibuprofen for pain relief.  Tr. 31, 34.  Plaintiff also testified that he was unable to go out in public places due to his anxiety (Tr. 38-39) but reported elsewhere that he can use public

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

transportation, gets along well with others, and goes out almost every day.  Tr. 280, 281, 361.  Therefore, the Court will remand for further administrative proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 10) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

DATED May 15, 2026.

THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15